UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY W. CRANDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>TEAMSTERS LOCAL NO. 150, et al.,<br><br>    Defendant. | Case No. 2:23-cv-03043-KJM-CSK<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A STAY OF DISCOVERY<br><br>(ECF Nos. 29, 30) |

    Defendants Teamsters Local No. 150 and Dale Wentz filed a motion for a stay of discovery or protective order.[1] (ECF Nos. 29, 30.) A hearing was held on June 10, 2025, at which counsel David Graulich appeared for Plaintiff Marty W. Crandall and counsel Costantinos Kerestenzis and Daniel Perle appeared for Defendants.

    The parties agree that there is only one claim remaining in this action: Claim One, the Labor Management Reporting and Disclosure Act of 1959 (LMRDA) claim against all Defendants. Defendants move to stay discovery pending the resolution of Defendants' motion for judgment on the pleadings, which is scheduled for a June 26, 2026 hearing before the district judge. Alternatively, Defendants move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1), which may be granted for

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c

1

good cause.

The district court may stay discovery pending resolution of a dispositive motion. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). District courts in the Ninth Circuit apply a two-prong test to decide whether to stay discovery. *Matthews v. Pinchback*, 2023 WL 5836540, at *3 (E.D. Cal. Sept. 8, 2023); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order. Discovery should proceed if either prong of the test is not met." *Mlejnecky*, 2011 WL 489743 at *6.

Here, Defendants have satisfied both prongs. First, Defendants' pending motion for judgment on the pleadings is dispositive of the entire case. Second, the pending motion does not require additional discovery for its resolution. At the hearing, Plaintiff was not able to identify any argument or legal authority that both prongs were not satisfied. Because both prongs are met and in consideration of the goals of the Federal Rules of Civil Procedure to promote "the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, the Court **GRANTS** Defendants' motion to stay discovery pending the resolution of Defendants' dispositive motion.

If Defendants' motion for judgment on the pleadings is denied, within seven (7) days of the district court's ruling, the parties are ordered to promptly file a joint status report including proposed dates for the completion of fact discovery, serving expert disclosures, completion of expert discovery, and the dispositive motion filing deadline.

///

An amended scheduling order will then issue.

1
2  Dated:  June 11, 2025
3
   CHI SOO KIM
4  UNITED STATES MAGISTRATE JUDGE

3